DENNY CUSTER and L. B. KIRKPATRICK, Appellees, v. E. M. ELLINGSON, Appellant.

**Principal and agent:** EVIDENCE OF AGENCY. In this action for specific performance of a contract the evidence is reviewed and held to show authority in one to execute the same as agent.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

SATURDAY, APRIL 9, 1910.

ACTION in equity for the specific peformance of a contract, by which it is alleged defendant undertook to purchase certain coal mining property. Decree for plaintiffs, and defendant appeals.—*Reversed.*

*Dale & Harvison,* for appellant.

*Sampson & Dillon,* for appellees.

WEAVER, J.—The plaintiffs are the owners of the stock of the Walnut Creek Coal Company, operating a mine under lease from the owners of the fee. At the time of the transaction in controversy, the defendant was engaged in another line of business and had no practical knowledge of mines or their operation. He owned certain real estate in Minnesota, Colorado, and Iowa, and in January, 1908, he had some negotiations with plaintiffs concerning a proposed exchange of his real estate for the mining property. One Clark, who figures in the transaction at certain stages, had land in Dakota which he proposed to put into the deal; but, on finding that he could not furnish his share of the capital necessary to carry on the mine, he dropped out of the consideration for the time being. Thereafter talk of an exchange was reopened between plaintiffs and defendant, and a tentative agreement was reached; but in submitting the leases and the articles of incorporation to counsel they were found unsatisfactory, and again negotiations were interrupted. Soon afterward the subject was again taken up. Plaintiffs say this renewal of the attempt to make the exchange was reopened by Clark acting as agent for the defendant; but the latter denies ever having constituted him his agent, and says that Clark became interested in the negotiations on his own personal account, it being his purpose to include his own Dakota land in the property to be conveyed to plaintiffs and to receive therefor certain city property in Des Moines which plaintiffs were to include with their mining property in the exchange. It was not contemplated that Clark should take any interest in the mine or stock, but should secure, in effect, an exchange of his Dakota land for the city property. It is shown that

Clark met the plaintiffs and suggested that the trade with defendant might yet be effected, and was told by them that they could spare no more time in the pursuit, but, if he could get a definite proposition from defendant, to bring it to them and they would consider it. Clark then sought out the defendant, who stated three different conditions upon which he would be willing to exchange. Nothing was put in writing; but defendant made upon a slip of paper three different sets or combinations of figures, which become intelligible only by aid of the verbal testimony. These figures Clark took to the plaintiffs, who expressed themselves willing to trade on the basis of the third or last proposal by defendant, but said to Clark they must have a contract in writing so they would know "where they were at" this time. Custer prepared or procured the preparation of a form of contract, which Clark took to defendant, who refused to sign it. There is a dispute as to the reason for the refusal; but, under the circumstances of this case, we think the reason is not important. It is enough for present purposes that he did refuse and did not sign. In this condition the deal hung in the balance for several days, and it appears with reasonable certainty that all this time the defendant was objecting to certain clauses and conditions in the mining leases and demanding to have them amended before perfecting the proposed exchange. The form of contract as prepared by Custer was dated February 12, 1908, and contains a clause for a completion of the exchange and delivery of the property within ten days. The paper was retained by Custer or by Clark until the last day of the ten day period so provided for, when Clark assumed to sign it in the name of the defendant by himself as agent. It is this so-called "contract" of which the trial court decreed a specific performance.

This case needs little more than a bare statement of the facts to make imperative a reversal of the decree ap-

pealed from. There is nothing whatever in the record to justify us in holding that Clark was the defendant's agent, or had any authority to execute the contract in suit. Indeed, if such agency ever existed, it was withdrawn or abandoned when defendant refused to execute the writing. That plaintiffs and Clark well understood this situation is shown by the fact that for ten days they were holding the paper unsigned trying to secure defendant's signature thereto, until finally, on the last day, they sought to force his hand by the reckless expedient of a signature subscribed by the hand of Clark.

The case is not wanting in other very significant facts which go to strengthen our conclusion that the claim here being asserted by plaintiffs is barren of equity; but holding, as we do, there is no sufficient showing of Clark's authority as agent of the defendant, it is unnecessary for us to further advert to them. The case is too clear to require any discussion of the authorities cited on either side.

The decree of the district court is reversed, and the plaintiffs' bill is ordered dismissed.—*Reversed.*